IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ZACHARY RUSSO BROWNE,
  Plaintiff,

v.                                                              Civil No. 3:23cv797 (DJN)

DR. JAMES H. CANE,
  Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia detainee proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Plaintiff's failure to timely serve Defendant. Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff had ninety days to serve Defendant. Here, that period commenced on February 14, 2024.[2] More than ninety days elapsed, and Plaintiff has not served Defendant. Accordingly, by Memorandum Order entered on May 30, 2024, the Court directed Plaintiff to show good cause for his failure to timely serve Defendant. (ECF No. 13.) Plaintiff has filed a response. (ECF No. 14.)

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[2] The Marshal attempted to serve Defendant at the address provided by Plaintiff. On March 18, 2024, the Marshal returned the summons unexecuted because, "Subject retired from location." (ECF No. 12, at 2.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond plaintiffs' control frustrate their diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist, such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when resolving the good-cause determination, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012).

At most, Plaintiff contends that he does not have Defendant's home address. Even though Plaintiff is proceeding *pro se*, it was his responsibility to find an address where Defendant could be served and send the address to the Court. *See Lee v. Armontrout*, 991 F.2d

487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing an address or addresses at which service can be effectuated).

Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant." *Venable*, 2007 WL 5145334, at *1. Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court must grant the extension"). Here, however, the Court is unpersuaded that the circumstances warrant a discretionary extension. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: June 26, 2024